The opinion of the court was delivered by
Miller, J.
The defendant appeals from the sentence of shooting with intentto kill.
The Legislature in 1890 amended the seven hundred and ninety - first section of the Revised Statutes, in reference to the crime of shooting with intent to murder. At the same time the act was passed making it an offence to shoot, stab or thrust with intent to kill. Acts Nos. 43 and 44 of 1890. The indictment charges shooting with intent to kill. The verdict is guilty with intent to kill. The objection to this verdict urged in arrest of judgment is that it is a special verdict, not certain, and hence insufficient to sustain the sentence, and does not respond to the indictment.
The verdict when special must, of course, contain the elements of an offence. 1 Bishop Crim. Law, 1006. Hence special verdicts not covering essentials of the crime have been set aside, and the argument for the defendant directs attention to the decisions of this character. State vs. Ritchie, 3 An. 512; State vs. Davis, 20 An. 354; State vs. Burdon, 38 An. 359; State vs. Hendricks, 38 An. 682. *1012 If we are to treat this as a special verdict, it seems to us that the reasonable interpretation of its terms is guilty of shooting and stabbing with a dangerous weapon the person named in the indictment, with intent to kill. Guilty refers to the shooting charged, but the other words qualify the intent. The verdict thus interpreted is of the offence specified in the Act No. 44, of 1890. Such a verdict was held insufficient in one of the cases cited, but the decision was prior to the act of 1890, and when shooting with intent to kill was not an offence.
The objection that the verdict is not responsive to the indictment is answered by the well-settled rule that the verdict is good when it convicts for the lesser included in the greater offence charged. Shooting with intent to kill is the inferior included in the offence charged: Shooting with intent to murder. Acts 43 and 44 of 1890. Wharton’s Crim. Law, Sec. 384; State vs. Stouderman, 6 An. 289; State vs. De Laney, 28 An. 434; State vs. Jessie, 30 An. 1170.
It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.